IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20616
USDC No. CA-H-92-2191
_____


JAMES D. HARRIS,

                                        Plaintiff-Appellant,

versus

NOLA J. HALL; R.G. BELANGER; A. SCHRAM; T.L. MASSEY;
DAVID DOUGHTY; B.J. GOMEZS; A. DYER; ROBERT STUBER;
L.L. BREWER; H.L. MOSKOWITZ; BRADLE BACHMAN;
UNKNOWN WOODSHOP SUPERVISOR; S. DOUTY; RICHARD JOYNER,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
- - - - - - - - - -
March 7, 1996
Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

James D. Harris seeks <u>in</u> <u>forma</u> <u>pauperis</u> (IFP) status to appeal the district court's dismissal of his civil rights complaint.  Harris charges that various defendants (1) negligently dispensed prescription medication; (2) failed to protect him by removing a nurse from the prison pill window when it was learned that she had made an error in dispensing medication; (3) made him wait two days for medical treatment for

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

a swollen wrist; and (4) refused to call a witness at a prison disciplinary hearing in reliance on wrongful information from Harris's counsel substitute.  Harris also argues that the district court erred by determining that his counsel substitute did not act under color of state law for purposes of 42 U.S.C. § 1983.

Having reviewed the record and the relevant law, we DENY the motion for IFP because this appeal does not involve legal points arguable on their merits.  Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986).  Thus, the appeal is frivolous and subject to dismissal.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.  We caution Harris that any additional frivolous appeals filed by him will invite the imposition of sanctions.  To avoid sanctions, Harris is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

APPEAL DISMISSED.